UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esther Eagle, individually and on behalf of all others similarly situated;<br><br>                                        Plaintiff,<br><br><br><br>   -v.-<br><br>First National Collection Bureau, Inc.,<br><br>LVNV Funding LLC<br><br>John Does l-25<br><br>                                        Defendants. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Esther Eagle, (hereinafter, "Plaintiff" or "Eagle"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant First National Collection Bureau, Inc. (hereinafter "FNCB") and Defendant LVNV Funding LLC (hereinafter "LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices

1

contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws "were inadequate" Id §l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings, residing at 5719 18th Avenue, Brooklyn, NY 11204.

8. Defendant First National Collection Bureau, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 50 W. Liberty Street, Suite 250, Reno, NV 89501.

9. Upon information and belief, Defendant FNCB is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV Funding, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service C/O Corporation Service Company, 80 State Street, Albany, NY 12207.

11. Upon information and belief, Defendant LVNV is a company that regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom First National Collection Bureau, Inc. sent an initial collection letter attempting to collect a consumer debt;

    c. on behalf of creditor LVNV;

    d. that included false information and threats related to the continued accrual of interest;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, **in the forms attached as Exhibit A**, violate 15 U.S.C. §§ l692e and 1692g.

18. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, **in the forms attached as Exhibit A** violate 15 U.S.C. § l692e and §1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to April 13, 2018, an obligation was allegedly incurred to "HSBC Bank Nevada, N.A./AMERITECH".

24. The HSBC Bank Nevada, N.A./AMERITECH obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically in this instance a personal credit card.

25. The alleged HSBC Bank Nevada, N.A./AMERITECH obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Defendant First National Collection Bureau, Inc. collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – April 13, 2018 Collection Letter*

27. On or about April 13, 2018, Defendant sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to HSBC Bank Nevada, N.A./AMERITECH. **See April 13, 2018 Collection Letter – Attached hereto as Exhibit A.**

28. This letter was sent on behalf of the current creditor LVNV Funding, LLC.

29. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

30.     The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

31.     Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

32.     The top of the letter states:

| | |
|---|---|
| Total Due: | $12,622.61 |
| Charge-off Balance: | $0.00 |
| Interest Accrued Since Charge-off: | $0.00 |
| Non-Interest Charges Accrued Since Charge-off: | $0.00 |
| Non-Interest Fees Accrued Since Charge-off: | $0.00 |

33.     The letter, in the first paragraph, begins:

> This is to advise you that a judgment has been entered against you. The judgement against you has been paced with our office for collection by our client LVNV Funding LLC.

34. Defendant FNCB's letter fails to provide its reader with any identifying information as to the "judgment against [Plaintiff]", such as jurisdiction, docket number, and date of entry of judgment.

35. Nonetheless, all judgments in the State of New York accrue post-judgment interest per statue, CPLR §§ 5001(a), 5004. "New York's generally applicable statutory rate of interest is 9% per annum, which accrues on a simple, rather than a compound, basis. <u>Marfia v. T.C. Ziraat Bankasi</u>, 147 F.3d 83, 90 (2d Cir. 1998).

36. Accordingly, the accounting provided at the top of Defendant FNCB's letter is knowingly false, as 9% statutory interest has continuously been accruing on "Total Due" since the date of entry of judgment.

37. However, if in fact a no such judgment has been entered, Defendant FNCB's letter is additionally deceptive as the third paragraph, states:

> "As of the date of the letter, you owe $12, 622.61. Because of interest that may vary from day to day, the balance owing on the day you pay may be greater."

38. If in fact the "Total Due" listed is indeed correct, and no fees or interest have accrued since charge-off, then Defendants are aware that during the collection of this debt the balance will not vary at all due to interest charges, and stating that it may increase is merely a deceptive collection tactic.

39. Furthermore, the threat of a balance increase overshadows the "g-notice" language and coerces the consumer not to exert his rights under the Fair Debt Collection Practices Act.

40. This language threatens the consumer's validations rights and coerces payment from the consumer by making false and deceptive threats during the initial thirty-day period.

41. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendant violated §1692e :

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By making a false and misleading representation in violation of §1692e(10).

46. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

49. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer

        with the name and address of the original creditor, if different from the current creditor.

50. The Defendants violated 15 U.S.C. §1692g, by either failing to properly advise Plaintiff as to the continued accrual of statutory post-judgment interest, or by threating of a balance increase due to interest charges, which overshadows the "g-notice" language and coerces the consumer not to exert its rights under the FDCPA for fear of the balance increasing.

51. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Esther Eagle, individually and on behalf of all others similarly situated demands judgment from Defendant First National Collection Bureau, Inc. and Defendant LVNV Funding LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Daniel Kohn, Esq. as Class Counsel;

2. Awarding Plaintiff injunctive relief by means of suspension of all debt collection activities related to the alleged debt by Defendants against Plaintiff while the instant litigation is pending;

3. Awarding Plaintiff and the Class statutory damages;

4. Awarding Plaintiff and the Class actual damages;

5. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

6. Awarding pre-judgment interest and post-judgment interest; and

7. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
August 6, 2018

/s/ *Daniel Kohn*
By: Daniel Kohn
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Email: dkohn@steinsakslegal.com
*Attorneys For Plaintiff*